**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| CRYSTAL SHOWELL, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-18-2325 |
| ATLANTICUS SERVICES CORP.,[1] | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

According to Crystal Showell, Atlanticus Services Corporation ("Atlanticus"), which she incorrectly refers to as Fortiva Retail Credit, has been misrepresenting her debts and causing damage to her credit score. Compl., ECF No. 1. When Atlanticus did not address her concerns after she disputed the debts it reported, Showell filed suit in this Court. *Id*. More than ninety days elapsed before Showell served Atlanticus. *See* Proof of Serv. 3, ECF No. 7; Pl.'s Opp'n 2.

Pending is Atlanticus's motion to dismiss for failure to effect timely service of process. ECF No. 9.[2] Although it is undisputed that Showell did not timely serve Atlanticus, *see* Pl.'s Opp'n 2, Showell has shown that she attempted service twice and explained her delay. Therefore, I will ask Atlanticus to notify Showell and the Court whether it will accept service, as

---

[1] Plaintiff incorrectly named Defendant as Fortiva Retail Credit, which, Defendant explains, "is merely a brand name, not an actual entity." Def.'s Mot. 1 n.1, ECF No. 9. The Clerk shall correct Defendant's name on the docket.

[2] The parties fully briefed the motion. ECF Nos. 9, 12, 13; *see* Ltr. Order, ECF No. 11 (construing pre-motion letter as a motion to dismiss following conference call). A hearing is not necessary. *See* Loc. R. 105.6.

defendants are encouraged to do by Fed. R. Civ. P. 4(d), and, if not, Showell will have thirty days after that notice to effect proper service of process.

**Background**

On July 30, 2018, the same day that she filed suit, Showell mailed a copy of the Complaint to Atlanticus via first-class, certified mail, return receipt requested. *See* Proof of Serv. 1; Pl.'s Opp'n 2. Then on September 6, 2018, believing that she had served Atlanticus and the corporation had not responded, she filed a motion for summary judgment. *See* Sept. 12, 2018 Ltr. Order, ECF No. 5; Pl.'s Mot. 1, ECF No. 5-1 (first page of returned motion only). Yet, she had not properly served Atlanticus and she did not do so until November 12, 2018, *see* Proof of Serv. 3, after the close of the ninety-day period that Rule 4(m) provides for service. *See* Fed. R. Civ. P. 4(m).

Showell insists that she was not aware that she did not effect proper service until the Court issued a show cause order, ECF No. 6, on October 31, 2018. Pl.'s Opp'n 2. Indeed, when she submitted what she believed to be proof of service along with her motion for summary judgment, the Court did not recognize it as proof of service (because it was not) and, consequently, returned the improperly-filed motion without explaining that she had not effected service. *See* Sept. 12, 2018 Ltr. Order. She then understood the show cause order to grant her a "14 day grace period" to effect service, which she did on November 12, 2018. *See* Pl.'s Opp'n 2; Proof of Serv. But, by then, more than ninety days had passed since she filed suit. Atlanticus contends that, under these circumstances, Showell's complaint must be dismissed. Def.'s Mot. 1.

**Standard of Review**

Service of process is a prerequisite for litigating in federal court; without it, a court may not exercise personal jurisdiction over a defendant. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff &*

*Co.*, 484 U.S. 97, 104 (1987); *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, --- F.3d ----, No. 2019 WL 3819311, at *12 (4th Cir. Aug. 15, 2019). Thus, if a defendant is not properly served, including if the defendant is not served within the ninety-day period set by Rule 4(m), the defendant may seek dismissal for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5); Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) …."). When the defendant challenges the sufficiency of service, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *Moseley v. Pollozzi*, No. RDB-18-1292, 2019 WL 418407, at *2 (D. Md. Feb. 1, 2019) (quoting *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509, 515 (D. Md. 2016)). The "plain requirements for the means of effective service of process may not be ignored." *Curtis v. Md. Envtl. Serv.*, No. RDB-17-2728, 2018 WL 1394020, at *2 (D. Md. Mar. 19, 2018).

**Discussion**

Atlanticus argues that the Court should dismiss the Complaint, not only due to ineffective service of process but also because Showell did not respond to the October 31, 2018 show cause order. Def.'s Mot. 1. Yet, Showell did respond to the order, by filing a proof of service on November 15, 2018. Although this response reached the Court one day beyond the fourteen-day deadline, given that Rule 6(d) provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) … , 3 days are added after the period would otherwise expire under Rule 6(a)," Fed. R. Civ. P. 6(d), I accept Showell's response to the order.

As for service, Ms. Showell attempted twice to serve Atlanticus, and by her own admission both attempts were faulty. *See* Pl.'s Opp'n 2. She concedes that her first attempt—on July 30,

3

2018, without the summons—did not constitute service of process, and that her second attempt, on November 12, 2018, occurred after the ninety-day window. *See id.* Under Rule 4(m), a court that finds service of process was untimely has two options: "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). When "the plaintiff shows good cause for the failure," the court only has one option: It "must extend the time for service for an appropriate period." *Id.* (emphasis added).

Notably, Rule 4(m) "no longer requires a court to dismiss a complaint absent a showing of good cause." *Escalante v. Tobar Constr., Inc.*, No. 18-980-PX, 2019 WL 109369, at *4 (D. Md. Jan. 3, 2019) (quoting *Robertson v. Beacon Sales Acquisition*, No. GJH-16-3241, 2018 WL 2464455, at *3 n.7 (D. Md. May 31, 2018)); *see also, e.g.*, *Whetstone v. Mayor & City Council of Balt*. City, No. ELH-18-738, 2019 WL 1200555, at *7 (D. Md. Mar. 13, 2019). These cases hold "it is within the Court's discretion to extend plaintiffs time to serve under Rule 4(m)." *Whetstone*, 2019 WL 1200555, at *7. *Whetstone* illustrates some of the considerations a court may take into account in deciding to exercise this discretion. There, the plaintiff was between 63 and 130 days late in serving the various defendants she had sued. 2019 WL 1200555, at *7. Judge Hollander did not determine, one way or the other, whether there was good cause to extend the deadline. She did note, though, that the plaintiff had attempted to effect service by the deadline; that the defendants did not assert that the delay prejudiced them; and that dismissal would likely bar the plaintiff from refiling the suit. *See id.* at *8. She opted on the basis of these considerations to exercise her discretion to extent the Rule 4(m) deadline. *Id.*

In *Escalante*, the plaintiffs effected service "34 days after the time under Rule 4(m) had elapsed" because counsel's "assistant misconstrued the significance of [a] statement" by a Clerk's Office employee, who said that "summonses never expire," and "the assistant did not calendar

4

[the] deadline by which the Complaint had to be served." 2019 WL 109369, at *1. Judge Xinis "exercise[d] [her] discretion to afford the parties full resolution on the merits and extend[ed] the time to serve the Complaint." *Id.* at *4. Alternatively, noting that, in unpublished decisions, the Fourth Circuit has held that the Court may extend the time for service "where 'plaintiff can show excusable neglect for his failure to serve,'" Judge Xinis found that the plaintiffs had established excusable neglect by "articulat[ing] a sound justification for not serving the Complaint for 60 days" after filing suit and "exhibit[ing] every intention of serving the Complaint in a timely manner." *Id.* at *3, *5 (quoting *Hasan v. Fairfax Cty. Sch. Bd.*, 405 F. App'x 793, 793-94 (4th Cir. 2010)).

Here, Atlanticus does not argue that it is prejudiced by the delay in service. Further, Plaintiff attempted to serve Atlanticus well before the deadline—the same day she filed suit. Also, she contacted a process server within a week of learning that service was improper. Under these circumstances, I will exercise my discretion to allow her additional time to serve Atlanticus.[3]

---

[3] Certainly, as Atlanticus notes, Ms. Showell previously filed another lawsuit and properly effected timely service of process in that case, which shows that, at least in 2016, she knew what was required for service. *See Showell v. Capella*, No. GLR-16-3761 (removed to this Court Nov. 18, 2016). If the good cause standard still applied, Showell may not have established good cause for her two failed attempts at proper service. *See United States ex rel. Moore v. Cardinal Fin. Co., L.P.*, No. CV CCB-12-1824, 2017 WL 1165952, at *7 (D. Md. Mar. 28, 2017) ("Good cause 'requires a showing that the plaintiff made reasonable and diligent efforts to effect service prior to the 120-day limit,' *Chen*, 292 F.R.D. at 293, but was thwarted by circumstances beyond his control, *see Hoffman v. Baltimore Police Dep't*, 379 F. Supp. 2d 778, 786 (D. Md. 2005). … Inadvertence or neglect of counsel is not 'good cause.' *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75, 77 (D. Md. 1995).").

But, not only is good cause not the standard, but also three years have passed since Showell, a pro se litigant, effected service on Capella. And, when Showell submitted proof of the July 2018 "service" to the Court, it was rejected, not because it did not demonstrate proper service, but rather because it appeared as part of an improperly-filed summary judgment motion. Therefore, she was not notified that she had not properly served Atlanticus until October 31, 2018. Showell has "articulated a sound justification" for her delay in service, as it is clear that she acted promptly and only delayed because she mistakenly believed she already had served Atlanticus. *See Escalante*,

I note, however, that Showell *has* served Atlanticus; she simply did not serve Atlanticus before the ninety-day period for service had lapsed. Accordingly, I will ask Atlanticus to notify Showell and the Court whether it will accept service it already received and, if not, I will grant Showell thirty days to effect service of process sufficiently. I remind Atlanticus that it bears an affirmative duty under the Federal Rules "to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). Ms. Showell retains the option of requesting a waiver, and if Atlanticus "fails, without good cause, to sign and return" that waiver, it may be subject to an order to reimburse Ms. Showell for the costs of service and "reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2). For this reason, counsel for Atlanticus would be wise to consult with her client about its willingness to accept service, and avoid the possibility of costs under Rule 4(d)(2). In this regard, Atlanticus must notify Ms. Showell and the Court by September 30, 2019, whether it will accept service, and if it will not, Ms. Showell will have thirty days from that notice in which to serve it.

## ORDER

Accordingly, it is this 16th day of September, 2019, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendant's motion to dismiss, ECF No. 9, IS DENIED;

---

2019 WL 109369, at *5. Thus, insofar as the Fourth Circuit has considered excusable neglect as a basis for extending the Rule 4(m) deadline, Showell's efforts qualify as excusable neglect. *See id.*

6

2. Defendant SHALL NOTIFY the Court and Plaintiff by September 30, 2019, whether it will accept service, and if it will not, Ms. Showell will have 30 days from that notice in which to serve it.

/S/
Paul W. Grimm
United States District Judge